840 F.2d 10
 1988 Copr.L.Dec. P 26,242
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donna O. JOHNSON and Home Rule Graphics, Inc., Plaintiffs-Appellants,
v.
Dawn H. ELLIOTT and Homestead Designs, Inc., Defendants-Appellees.
 No. 87-1642.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 8, 1987.
Decided: Feb. 12, 1988.
 
 John B. Hardaway, III, Bailey and Hardaway, on brief, for appellant.
 Cort Flint, on brief, for appellee.
 Before WIDENER and ERVIN, Circuit Judges, and VAN GRAAFEILAND, Senior Circuit Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs, Donna O. Johnson and Home Rule Graphics, Inc., appeal from an order granting summary judgment in favor of the defendants, Dawn Elliott and Homestead Designs, Inc. The suit alleged copyright infringement, breach of contract and unfair competition. Defendants counterclaimed for copyright infringement, unfair competition and unfair trade practices. On defendants' motion for partial summary judgment, the district court entered judgment for the defendants on plaintiffs copyright claims. Following an indecisive appeal,[1] the parties voluntarily dismissed the remaining portions of their claims and the district court entered its final order. The case was resubmitted on the briefs and previous oral argument. We find no reversible error in the district court's decision, and we affirm.
 
 
 2
 In August of 1980, Mrs. Johnson received from the Register of Copyrights a Certificate of Copyright Registration No. VA57-122 (the 122 copyright). This registration covered a cross-stitch design entitled "Home Rules," the text of which is set out in the margin.[2] Mrs. Johnson's contribution was listed as "designed cross-stitch graph. "The specimen of the work on file in the copyright office has the ten lines of text mentioned with the title above within the outline of a house and a cross-stitched house at the end of the text.
 
 
 3
 Mesdames Johnson and Elliott entered into the cross-stitch and needlework business together in October of 1981 and subsequently formed Homestead, Inc. Pursuant to a buy-out agreement, Mrs. Elliott purchased all of Mrs. Johnson's interest in Homestead in April of 1984. Thereafter, Mrs. Johnson formed Home Rule Graphics and continued in the cross-stitch business.
 
 
 4
 Mrs. Johnson and Mrs. Elliott jointly marketed the design covered by the 122 copyright while they were in business together. Mrs. Johnson continued to market it after they separated, the buy-out agreement between the parties having recognized that Mrs. Johnson retained the 122 copyright as well as a companion copyright to a derivative work, "School Rules."
 
 
 5
 The work which allegedly infringed Mrs. Johnson's copyright was a somewhat similar appearing cross-stitch design entitled "Our House Rules" marketed by Mrs. Elliott after the April 1984 buyout. For ease of comparison, the text of this design is set out in the margin as well.[3] The defendants also marketed a second allegedly infringing work. This was a ten-line calligraphy version of "Our House Rules."
 
 
 6
 The district court found that the designs of the plaintiffs' and defendants' work were not similar, which is not contested on appeal. Only the lines of text themselves are of a similar nature. Mrs. Johnson admitted that her work was based on a pre-existing work entitled "Home Rules" given to her in 1978. She claimed to have originated some of the lines of text, but could not remember what lines were hers and which were pre-existing. The only textual difference that Mrs. Johnson could point to with any degree of certainty was the tenth line of "Home Rules." That line originated not with Mrs. Johnson, however, but with her husband.
 
 
 7
 The court found as a factual matter that the lines of text were not original to Mrs. Johnson. The district court also found as a matter of fact that the textual lines contained in the Johnson and Elliott works were the only similar features. The district court found these facts to be dispositive of plaintiffs' claim of copyright infringement both as to copyright of an original work of authorship and the copyright of a compilation.
 
 
 8
 As this matter is before us at the summary judgment stage, we realize that we are not constrained by the FRCP 52(a), clearly erroneous standard. 9 Wright & Miller, Federal Practice and Procedure: Civil Sec. 2575 (1971). Even viewing the evidence in a light most favorable to the plaintiff, however, we see no reasonable factual conclusions different from those reached by the district court. The non-moving parties, the plaintiffs here, have not met their Fed.R.Civ. P. 56(c), burden of showing a material factual dispute requiring a trial. Celotex Corp. v. Catrett, --- U.S. ----, 106 S.Ct. 2548, 54 U.S.L.W. 4775, 4777 (1986).
 
 
 9
 The district court held that since the "Home Rules" text was taken from pre-existing material, it was not entitled to the copyright protection for an original work. The court went on to hold that even if the plaintiffs' work were viewed as a compilation, that did not extend the compilation copyright to the pre-existing material under 17 U.S.C. Sec. 103.
 
 
 10
 We agree and accordingly affirm for the reasons stated by the district court.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 As the copyright claim was the gist of this entire dispute, the parties agreed to hold all other claims in abeyance pending an appeal of the district court's summary judgment decision. We found neither a final order nor compliance with 28 U.S.C. Sec. 1292(b) or FRCP 54(b), and dismissed that appeal for lack of jurisdiction
 
 
 [2]
 HOME RULES
 If you sleep on it make it up
 If you wear it hang it up
 If you drop it pick it up
 if you eat from it wash it
 If you step on it wipe it off
 If you open it close itIf you empty it fill it up
 If it rings answer it
 If it howls feed it
 If it cries love it
 
 
 [3]
 OUR HOUSE RULES
 If you sleep on it make it up
 If you wear it hang it up
 If you eat out of it wash it
 If you turn it on turn it off
 If you step on it wipe it up
 If you borrow it return it
 If it rings answer it
 If you open it close it
 If you use it put it away
 If it's wet hang it to dry
 If you empty it refill it
 FlushFluhFlush
 If it howls feed it
 If it cries love it